# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAMERON S. EVANS, an individual; EUNICE U. EVANS, an individual; CAMERON AND EUNICE EVANS REVOCABLE LIVING TRUST DATED FEBRUARY 26, 2004, a California trust; CAMERON S. EVANS, Trustee for Cameron and Eunice Evans Revocable Living Trust dated February 26, 2004; EUNICE U. EVANS,Trustee for Cameron and Eunice Evans Revocable Living Trust dated February 26, 2004; KINGS DRYWALL, INC., d/b/a KINGS CONSTRUCTION GROUP, a Nevada Corporation; WILLIAMSON ROOFING, INC., a Nevada Corporation; and JL CONSTRUCTION, a Nevada Corporation.<br><br>　　　　　Defendants. | 1:10-cv-2003 LJO GSA<br><br><br><br><br><br><br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S AMENDED APPLICATION FOR DEFAULT JUDGMENT**<br><br>(Documents 25 and 52) |

## INTRODUCTION

Plaintiff Travelers Casualty and Surety Company of America ("Plaintiff" or "Travelers") filed this action on October 22, 2010, against Cameron S. Evans, an individual; Eunice U. Evans,

1

an individual; the Cameron and Eunice Evans revocable trust dated February 24, 2006 ("the trust"); Eunice Evans and Cameron Evans as trustees for the trust; Kings Drywall, Inc. d/b/a Kings Construction Group ("KGC"); Williamson Roofing a Nevada Corporation; and JL Home Development Inc., d/b/a JL Construction, a Nevada Corporation (collectively, "the Defendants"). Pending before the Court is Plaintiff's Amended Motion for Default Judgment that was filed on June 14, 2012.[1] (Doc. 52). The hearing scheduled for July 20, 2012, was taken off calendar and the matter was taken under submission.

## BACKGROUND

The complaint alleges breach of contract, specific performance of collateral security provision, a claim for quia timet, injunctive relief, and declaratory relief. (Doc. 2). Defendants were served with the complaint on November 30, 2010, but did not appear. (Docs. 11-16). Default was entered against all Defendants on January 5, 2011. (Doc. 18). Defendants were served with the instant motion, as well as all related pleadings but did not file any opposition. (Doc. 41-47, 51, 52, and 54). Defendants are not infants or incompetent persons or otherwise exempt under the Soldiers and Sailors, Civil Relief Act of 1940. (Doc. 28 at pg.4-5).

## RELEVANT FACTS

Travelers is a corporate surety company. On or about June 10, 2008, Travelers entered into a General Indemnity Agreement, as partial consideration for Travelers issuing bonds on behalf of Defendant KCG. On or about May 19, 2008, KCG entered into a subcontract with Global Engineering & Construction, LLC ("Global"), to perform a portion of Global's contract with the U.S. Army Corps of Engineers for Repair of Building 422, which houses patients at the Monterey Presidio U.S. Army Health Clinic, located in Monterey, California ("the Project").

Defendants requested that Travelers issue bonds whereby Travelers guaranteed the labor

---

[1] As part of this motion, Defendant has requested that this Court take judicial notice of Documents 25-29. A "court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *accord In re Korean Air Lines, Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). As such, Plaintiff's request is granted.

and materials payment obligations and subcontract performance obligations of KCG, including the subcontract with Global for the project.  On July 16, 2008, Travelers issued Subcontract Performance and Payment Bonds Number 105108784 with subcontractor KCG as principal and prime contractor, and Global as obligee for the Project.  Prior to completion of the work, KCG abandoned the Project. As a result of KCG's default, Travelers received claims on its performance bond from Global, as well as a host of claims on its payment bond from various entities that supplied construction labor, materials, and services to KCG on the Project.

The Payment Bond essentially guarantees payment to suppliers of labor, materials, and construction services to KCG on the Project.  KCG failed to pay many of its subcontractors and suppliers that provided labor, materials, and services to KCG on the Project.  Travelers has received more than twenty-five (25) claims on its payment bond from KCG's subcontractors and suppliers on the Project. To date, Travelers has paid $311,702.80 in claims.

In addition, on December 20, 2010, Global made a claim on the Performance Bond for $591,415.97 for defective work, completion cost overruns, and a claim from the U.S. Department of Labor against Global for unpaid labor and benefits to employees of KCG.  On July 21, 2011,Travelers settled Global's claim on the Performance Bond by payment in the amount of $350,322.20.  Therefore, the total of losses paid on payment and performance bonds is $662,025.00 ($311.702.80 + $350,322.20 = 662,025.00) and Plaintiff seeks this amount in damages. [2]  Plaintiff is also seeking additional monies in the amount of $30,714.04 which it paid to Lovett Silverman Consultants to provide an independent analysis of the cost to complete KCG's contract obligations, as well as $40,287.35 in attorneys fees and costs. [3]  Accordingly, the total amount requested in the Amended Motion for Default Judgment is $733,036.39

---

[2]  In Traveler's initial Motion for Default Judgment, Plaintiff requested default judgment for specific performance of collateral security demand in the amount of $108,288.34.  However, in the current motion, it has abandoned this request. (Doc. 52 at pg. 1).

[3]  The $40,287.35 includes $37,885 for attorneys fees and $2,402.35 for costs.  See, Declaration of Donald Colucci, dated June 14, 2012.  (Doc. 54).

($662,025.00 + $40,287.35).

## Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that judgment may be entered:

> By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or competent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

The Court has evaluated the factors listed above and finds that the facts in this case weigh in favor of granting default judgment.  First, Plaintiff would suffer prejudice if the court does not enter default judgment because it would have no other means of recovery.  Second, as outlined below, Plaintiff's complaint properly alleges the necessary elements of each cause of action which satisfies the second and third factors; the merits of the substantive claim, and the sufficiency of the complaint.  The fourth factor is also met since there is a significant amount of

money at stake in this action, which as discussed below, are authorized under law.

The fifth factor, the possibility of a dispute concerning the material facts is also met. Defendants never appeared in this action. Therefore, Defendants are not in a position to defend the action, or to dispute material facts. Given Defendant's non-appearance, the sixth factor is also satisfied since there is also no evidence that default resulted from excusable neglect. With regard to the last factor, although cases should be decided on the merits when reasonably possible, such preference alone is not dispositive. *PepsiCo Inc., v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Defendants' failure to respond and defend this action, renders a decision on the merits impractical.

      B.     Sufficiency of the Complaint and Damages

The Court has reviewed the complaint and finds that complaint is sufficiently plead and supports Plaintiff's causes of action as outlined below.

      *1.*     *Breach of Contract and Specific Performance*

Indemnity is the obligation of one party to make good on a loss for damage that another party has incurred and may arise by contract or equity. California Civil Code § 2772; *Smoketree-Lake Murray, Ltd. v. Mills Concrete Const. Co., Inc.*, 234 Cal.App.3d 1724, 1734-36 (1991); *Cal-Jones Properties v. Evans Pacific Corp.*, 216 Cal. App. 3d 324, 328 (1989). An indemnity agreement is to be interpreted according to the language and content of the contract, as well as the parties' intention, and the extent of an indemnitor's duty to indemnify is determined by the agreement. *Myers Bldg. Indus., Ltd. v. Interface Tech., Inc.*, 13 Cal App.4th 949, 968 (1993); *Smoketree-Lake*, 234 Cal.App.3d at 1737; *Hillman v. Leland E. Burns, Inc.*, 209 Cal. App. 3d 860, 866 (1989). A clause in an indemnity contract that contains the words "indemnify" and "hold harmless" obligates the indemnitor to reimburse the indemnitee for any damages the indemnitee becomes obligated to pay third-parties. *Myers Bldg. Indus.*, 13 Cal.App.4th at 969.

The necessary elements under California law to establish a valid cause of action for breach of an indemnity agreement are: (1) existence of an indemnity agreement, (2)

performance under the indemnity agreement, (3) breach of the indemnity agreement, and (4) resulting damage. *Four Star Electric, Inc. v. F&H Construction*, 7 Cal. App. 4th 1375, 1379 (1991).

In this instance, it is clear that the parties signed an indemnity agreement which held Plaintiff harmless for any losses. (Doc. 27 at Exhibit 10, para. 3). It is also undisputed that Travelers performed under the agreement by issuing the bonds and paid claims in the amount of $662,025.00. (Doc. 28 at pg.4-5 and Doc. 27 at Exhibit 10). Plaintiff has attempted to collect the loss and anticipated loss from Defendants but received no response. (Doc. 27 at pg. 8, para 18; Doc. 28 at Exhibit 12). Therefore, the complaint is sufficiently pled and Plaintiff is entitled to $662,025.00 in judgment because of Defendants' breach. Moreover, the indemnity agreement provides that the obligations of the indemnitors are joint and several. (Doc. 27 at Exhibit 10, para. 7). Thus, Defendants are jointly and severally liable for the judgment.

2.   *Fees and Costs*

In addition to the losses incurred by the surety as a result of payments made to claimants under surety bonds, courts have repeatedly upheld the surety's right to recover attorney's, consultant's and expert's fees and costs incurred in defense and investigation of claims against it. *See*, California Civil Code § 2778; *Gribalo, Jacobs, Jones & Assoc. v. Agrippina Versicherunges A.G.*, 3 Cal.3d 434, 447-49 (1970); *Buchalter v. Levin*, 252 Cal.App.2d 367, 371 (1967). Indeed, California has long recognized a surety's right to be indemnified under a written indemnity agreement. See, *e.g.*, *Fidelity and Deposit Company of Maryland v.Whitson*, 187 Cal. App. 2d 751, 759 (1960). Moreover, in this instance, the indemnity agreement specifically provides that attorneys and other professional fees are recoverable in the event of a breach and Defendants agreed to indemnify travelers for its loss. (Doc. 27 at Exhibit 5, paras. 1 and 3).

Travelers indicates that is has paid $30,714.04 to Lovett Silverman Consultants to provide an independent analysis of the cost to complete KCG's contract obligations, and well as

$15,742.50 in attorneys fees and costs. Doc. 54 at Exhibits 22 and 23. The total amount of consultant and attorneys fees and costs is $42,691.99. *Id*. Under the indemnity agreement, Defendants are obligated for this amount.

## RECOMMENDATIONS

Based on pleadings including the evidence presented, the Court RECOMMENDS as follows:

1. Plaintiff's application for default judgment be GRANTED; and
2. Judgment be entered in this action against all Defendants, Cameron S. Evans, an individual; Eunice U. Evans, an individual; the Cameron and Eunice Evans revocable trust dated February 24, 2006 ('the trust"); Eunice Evans and Cameron Evans as trustees for the trust; Kings Drywall, Inc. d/b/a Kings Construction Group ("KGC"); Williamson Roofing a Nevada Corporation; and JL Home Development Inc., d/b/a JL Construction, a Nevada Corporation against each defendant, jointly and severally in the amount of $ $733,036.39.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, pursuant to Title 28 of the United States Code section 636(b)(1)(B). Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 30, 2012**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE