# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAMERON S. EVANS, an individual; EUNICE U. EVANS, an individual; CAMERON AND EUNICE EVANS REVOCABLE LIVING TRUST DATED FEBRUARY 26, 2004, a California trust; CAMERON S. EVANS, Trustee for Cameron and Eunice Evans Revocable Living Trust dated February 26, 2004; EUNICE U. EVANS, Trustee for Cameron and Eunice Evans Revocable Living Trust dated February 26, 2004; KINGS DRYWALL, INC., d/b/a KINGS CONSTRUCTION GROUP, a Nevada Corporation; WILLIAMSON ROOFING, INC., a Nevada Corporation; and JL CONSTRUCTION, a Nevada Corporation.<br><br>　　　　　Defendants. | 1:10-cv-2003 LJO GSA<br><br>**ORDER REQUIRING BRIEFING ON THE EFFECT OF THE NOTICE OF BANKRUPTCY FILING FOR CAMERON S. EVANS** |

　　　Plaintiff Travelers Casualty and Surety Company of America ("Plaintiffs") filed this action on October 22, 2010, against Cameron S. Evans, an individual; Eunice U. Evans, an individual; the Cameron and Eunice Evans revocable trust dated February 24, 2006; Eunice

1

1  Evans and Cameron Evans as trustees for the trust; Kings Drywall, Inc. d/b/a Kings Construction
2  Group; Williamson Roofing a Nevada Corporation; and JL Home Development Inc., d/b/a JL
3  Construction, a Nevada Corporation (collectively, "the Defendants"). Default was entered against
4  all Defendants on January 5, 2011. (Doc. 8). Plaintiff filed a Motion for Default Judgment on
5  June 14, 2012. (Doc. 52). On July 31, 2012, this Court issued Findings and Recommendations,
6  recommending that Plaintiff's Motion for Default Judgment be granted against all Defendants.
7  (Doc. 58).

8     On August 8, 2012, Plaintiff's counsel filed a Notice of Filing Bankruptcy indicating that
9  Defendant Cameron S. Evans initiated bankruptcy proceedings with a Chapter 7 Petition filed on
10 August 1, 2012, in the United States Bankruptcy Court for the Eastern District of California.
11 (Doc, 60).  Since Plaintiff did not file any additional motion or supplemental briefing the Court
12 is unclear about its position regarding this issue.

13    Accordingly, no later than September 17, 2012, Plaintiff's counsel shall file a brief
14 outlining the effect of Defendant Cameron Evan's filing bankruptcy has on Plaintiff's pending
15 Motion for Default Judgment. The brief shall specifically address whether these proceedings
16 should be stayed pending the resolution of the bankruptcy proceedings, as well as whether default
17 judgments should be entered as to the other defendants given that Rule 54(b) of the Federal Rules
18 of Civil Procedure provides "when multiple parties are involved, the court may direct the entry of
19 a final judgment as to one or more but fewer than all of the ... parties only upon an express
20 determination that there is no just reason for delay and upon an express direction for the entry of
21 judgment." Fed. R. Civ. P. 54(b). Moreover, if Plaintiff's position is that these proceedings
22 should be stayed as to all Defendants, or to only Defendant Cameron S. Evans, it should so state,
23 and outline its intentions regarding pursing default judgment against Mr Evans in the future.

24    Plaintiff's counsel shall serve a copy of this order on Mr. Cameron Evans forthwith, and
25 file proof of such service within five days the service is effectuated. Defendant Cameron Evans
26 is advised that this order in **no way** effects and/or extends the time period for filing objections to

this Court's Findings and Recommendations issued on July 31, 2012.  (Doc. 58). If Defendant Cameron Evans wishes to address the issues presented in this order, he may do so in any objections filed.

IT IS SO ORDERED.

Dated:   **August 20, 2012**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

3