# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>CAMERON S. EVANS, an individual; EUNICE U. EVANS, an individual; CAMERON AND EUNICE EVANS REVOCABLE LIVING TRUST DATED FEBRUARY 26, 2004, a California trust; CAMERON S. EVANS, Trustee for Cameron and Eunice Evans Revocable Living Trust dated February 26, 2004; EUNICE U. EVANS, Trustee for Cameron and Eunice Evans Revocable Living Trust dated February 26, 2004; KINGS DRYWALL, INC., d/b/a KINGS CONSTRUCTION GROUP, a Nevada Corporation; WILLIAMSON ROOFING, INC., a Nevada Corporation; and JL CONSTRUCTION, a Nevada Corporation.<br><br>            Defendants. | 1:10-cv-2003 LJO GSA<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART**<br><br>(Doc. 58) |

Plaintiff Travelers Casualty and Surety Company of America ("Plaintiff" or "Travelers") filed this action on October 22, 2010, against Cameron S. Evans, an individual; Eunice U. Evans, an individual; the Cameron and Eunice Evans revocable trust dated February 24, 2006 ("the trust"); Eunice Evans and Cameron Evans as trustees for the trust; Kings Drywall, Inc. d/b/a

1

Kings Construction Group ("KGC"); Williamson Roofing, a Nevada Corporation; and JL Home Development Inc., d/b/a JL Construction, a Nevada Corporation (collectively, "the Defendants"). The complaint alleges breach of contract, specific performance of collateral security provision, a claim for quia timet, injunctive relief, and declaratory relief. (Doc. 1). All defendants were served with the complaint but no responsive pleadings were filed. As per Plaintiff's request, on January 5, 2011, the Clerk entered default against all defendants. (Docs. 18.) Thereafter, Plaintiff moved for default judgment on June 14, 2012. (Doc. 52.) Defendants did oppose the motion. The motion was taken off calendar and the matter was taken under submission.

On July 31, 2012, the Magistrate Judge issued Findings and Recommendations that Plaintiff's application for default judgment be granted against all Defendants. (Doc. 58). The Findings and Recommendations contained notice that any objections were to be filed within thirty (30) days of service of the recommendation. *Id*.

On August 8, 2012, Travelers Casualty filed a Notice of Bankruptcy indicating that Defendant Cameron S. Evans initiated the bankruptcy proceedings on August 1, 2012 with the filing of a Chapter 7 Petition in the United States Bankruptcy Court for the Eastern District of California. (Doc. 60.) On August 20, 2012, the Court ordered that Plaintiff file a brief outlining the effect of Defendant Cameron Evan's bankruptcy proceeding on Plaintiff's Motion for Default Judgment. (Doc. 61.) In this order, the Court also advised Defendant Cameron Evans to raise any issues related to the bankruptcy proceedings in any objections filed. *Id*. On September 14, 2012, Travelers Casualty filed a brief arguing that the proceedings be stayed for nine months against Cameron Evans, the individual, but it requested that the Court issue judgment against the other defendants. (Doc. 63). No defendant has filed objections.

This Court has reviewed the Findings and Recommendations, as well as the brief submitted by Plaintiff regarding the bankruptcy proceedings. In accordance with the provisions of Title 28 of the United States Code section 636 (b)(1)(c), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the Findings

and Recommendations are supported by the record and proper analysis.  However, there is an issue regarding the pending bankruptcy against Defendant Cameron Evans.  It is clear that these proceedings will need to be stayed against this Defendant.  However, the question remains whether default judgments should be entered as to the other defendants.  Rule 54(b) of the Federal Rules of Civil Procedure provides "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  The Ninth Circuit has noted that where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants.  *In re First T.D. & Investment Inc.*, 253 F. 3d 520, 532 (9th Cir. 2001) *citing Frow v. De La Vega,* 82 U.S. 552, 554 (1872).  The purpose of the rule is to avoid inconsistent judgments against defaulting defendants and the remaining answering defendants.  *Shanghai Automation Instrument Co., Ltd., v. Kuei*, 194 F. Supp. 2d 995 (N.D. Cal. 2001) citing *Frow*, 82 U.S. at 554-55.   In this instance, however, the policy considerations underlying Rule 54(b) do not apply because default has been entered against all Defendants. Therefore, there is no risk of inconsistent results among the Defendants and the Court sees no just reason to delay these proceedings.

     Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations dated July 31, 2012, are ADOPTED IN PART (Doc. 58.);
2. Plaintiff's application for default judgment be GRANTED IN PART;
3. Judgment be entered in this action against Defendants Eunice U. Evans, an individual; the Cameron and Eunice Evans revocable trust dated February 24, 2006 ('the trust"); Eunice Evans and Cameron Evans as trustees for the trust; Kings Drywall, Inc. d/b/a Kings Construction Group ("KGC"); Williamson Roofing a Nevada Corporation; and JL Home Development Inc., d/b/a JL

    Construction, a Nevada Corporation against each defendant, jointly and severally in the amount of $733,036.39; and

4. These proceedings are stayed against Cameron S. Evans, the indivual, pending the resolution of the bankruptcy proceeding.  Plaintiff shall file a status report **no later than April 1, 2013,** outlining the status of the bankruptcy proceeding against this defendant, as well as its intentions regarding pursuing default judgment against him.  *Failure to timely file the status report may result in the imposition of sanctions.*

IT IS SO ORDERED.

**Dated:** **September 26, 2012**   /s/ Lawrence J. O'Neill
                 UNITED STATES DISTRICT JUDGE

4